[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10083

Non-Argument Calendar

_____

KENNEDY MINNIFIELD,

Petitioner-Appellant,

*versus*

WARDEN, LIMESTONE CF,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:23-cv-00986-AMM-JHE

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Kennedy Minnifield, an Alabama prisoner, appeals *pro se* the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court dismissed Minnifield's petition for lack of jurisdiction because he failed to obtain leave to file a second or successive application. *Id.* § 2244(b)(3)(A). We affirm.

We review *de novo* the dismissal of a petition for a writ of habeas corpus as "second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc). A "state prisoner seeking postconviction relief from the federal courts . . . [in a second or subsequent petition for a writ of habeas corpus must] comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)." *Burton v. Stewart*, 549 U.S. 147, 149 (2007). Section 2244(b) requires that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The district court correctly dismissed as successive Minnifield's petition, which collaterally attacked the same convictions he challenged in his initial petition for a writ of habeas corpus in 1997. Minnifield failed to obtain from this Court leave to file a successive petition. *Id.* §§ 2244(b)(3)(A), 2255(h). Because Minnifield "neither

24-10083               Opinion of the Court                3

sought nor received authorization from [us] before filing . . . [his] 'second or successive' petition challenging his custody, . . . the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 157.

We **AFFIRM** the dismissal of Minnifield's petition.